## UNITED STATES v. BARBER.

(District Court, S. D. Florida. May 15, 1923.)

No. 1916.

1. **Indictment and information ⬳130—Counts charging offenses against several may be joined.**

   Counts charging separate offenses of larceny or receiving stolen property from different persons, under Comp. St. § 8603, may be joined in one indictment.

2. **Indictment and information ⬳125(13)—Indictment for larceny from baggage of interstate passenger held not multifarious.**

   An indictment under Comp. St. § 8603, charging that defendant did feloniously "break into, steal, take and carry away" certain goods from baggage in possession of an interstate carrier is not multifarious, but charges the single offense of larceny.

3. **Larceny ⬳31—In indictment for larceny from interstate carrier value need not be alleged.**

   In an indictment under Comp. St. § 8603, for larceny from an interstate carrier, it is not necessary to allege value.

4. **Courts ⬳499—Federal court without authority over acts of state officers.**

   A federal court is without authority to order the return of property alleged to have been illegally seized by state officers under a state search warrant.

5. **Criminal law ⬳394—That evidence was unlawfully obtained by state officers does not render it inadmissible in federal court.**

   That evidence was obtained through an illegal search and seizure by state officers does not render it inadmissible in a federal court.

Criminal prosecution by the United States against L. H. Barber. On demurrer to indictment, motion to quash, motion to strike, motion to compel election and motion for return of property. Demurrer overruled and motions denied.

This case comes on for a hearing upon the demurrer to the indictment, the motion to quash, the motion to strike, the motion to compel an election, and the motion to compel the return of certain articles seized by state officers; and, each of these matters having been argued and submitted, it is considered by the court that the demurrer to the indictment be and the same is hereby overruled. It is further considered that each of the foregoing motions be and the same is hereby denied.

Harry W. Reinstine, Sp. Asst. Dist. Atty., of Jacksonville, Fla., for the United States.

Andrews & Mahon, of Jacksonville, Fla., for defendant.

CALL, District Judge. The statute under which this indictment was found is as follows:

"Whoever * * * shall break into, steal, take, carry away * * * any of the contents of such baggage * * * or have in his possession * * * any article therefrom * * * knowing the same to have been stolen." Section 8603, Compiled Statutes.

The first count charges the theft from the baggage of a certain person moving in interstate commerce of a certain article. The second count charges the possession of this article knowing it to have

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

been stolen. The third count alleges the theft of a certain other article from the baggage of another person moving in interstate commerce, and the fourth count charges the possession of this last-named article knowing it to have been stolen.

[1] The demurrer, motion to quash, and motion to strike are each addressed to the indictment on the idea that the indictment cannot contain these separate charges of the violation of the act, although contained in different counts. This I do not understand to be the law.

[2] Again, it seems to be contended that the first and third counts are multifarious, charging more than one offense. The words used in these counts are "break into, steal, take, and carry away certain goods." While the statute uses the words "steal," "take," and "carry away," separated by a comma, these words denote a larceny when preceded by the word "feloniously," and are uniformly used in common-law indictment, and negative any idea of consent by the owner or bailee of such articles, and charge but a larceny of the particular article.

[3] In indictments charging a violation of this section it is not necessary to allege value. The second and fourth counts charge the possession with the guilty knowledge. The motion to compel an election, even though it were well taken, comes too soon.

[4] The motion to return the articles alleged to have been stolen and possessed, together with other articles seized by the state officers under a state process, and turned over to employees of the railroad, is without merit. In the first place, no officer of the United States had any hand in the seizure, and, although the process might have been faulty (which I do not decide), this is not the forum to compel state officers to perform their duty in matters of this kind.

[5] Again, under the decision of the United States Supreme Court, the fact that state officers may have made an illegal search and seizure does not make the evidence thereby obtained illegal, if otherwise competent. Burdeau v. McDowell, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159.